IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| DARIN WHITTEN, LISA C. KAISER, WILLIAM D. KAISER, DOROTHY TAFT, and JARED KERWIN, <br><br> Plaintiffs, <br><br> v. <br><br> ROCHESTER TOWNSHIP REPUBLICAN CENTRAL COMMITTEE; Rochester Township Republican Central Committeepersons THOMAS K. MUNROE, MARK C. WHITE, ANTHONY SAPUTO, MATTHEW BUTCHER, and DAVID ARMSTRONG, in their official Capacities as Committeepersons for the Rochester Township Republican Central Committee; LYNN CHARD, in her official Capacity as Clerk of Rochester Township; DON GRAY, in his official capacity as Clerk of Sangamon County; and DARRELL MAXHEIMER, <br><br> Defendants. | Case No. 21-3023 |

## OPINION

RICHARD MILLS, United States District Judge:

This is an action pursuant to 42 U.S.C. § 1983, wherein Plaintiffs alleged their constitutional rights were violated under the First and Fourteenth Amendments to the United States Constitution.

1

The Plaintiffs also allege violations of the Illinois Constitution and Illinois law.

Pending is Plaintiffs' Emergency Motion for Temporary Restraining Order, Preliminary or Permanent Injunction.

On January 28, 2021, the Court heard videoconference oral arguments on the Plaintiffs' motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### (A)

The Plaintiffs filed a Verified Complaint for Declaratory Judgment and Injunctive Relief against Defendants. The allegations center on the conduct of a Caucus of the Rochester Township Republican Central Committee to nominate candidates on behalf of the party for the April 6, 2021 consolidated election.

Plaintiff Darin Whitten was a registered voter and attendee at the Rochester Township Republican Caucus on December 1, 2020, and was nominated at the Caucus to be the Republican candidate for Rochester Township Highway Commissioner.

Plaintiffs Lisa C. Kaiser, William D. Kaiser, Dorothy Taft and Jared Kerwin were registered voters in Rochester Township, were qualified participants attending the Caucus on December 1, 2020, and voted in said Caucus.

Pursuant to the Illinois Township Code, 60 ILCS 1/45-15, Defendant Rochester Township Republican Central Committee makes nominations for township candidates for the Republican Party.

Defendant Thomas K. Munroe, Mark C. White, Anthony Saputo, Matthew Butcher and David Armstrong were at all relevant times the Rochester Township Republican Precinct Committeepersons and constitute the Republican Township Republican Central Committee ("Committee").  Munroe served as the Caucus Chairman or Presiding Officer for the December 1, 2020 Caucus.

Defendant Lynn Chard was at all relevant times the Rochester Township Clerk.  Her duties included accepting the Committee's nomination papers, which stated who was nominated by the Caucus for each Township office to be elected at the April 6, 2021 Consolidated Election.  Chard also served as the Secretary of the Caucus.

Defendant Don Gray is the Clerk of Sangamon County, Illinois.  His duties include accepting from the Rochester Township Clerk not less than 68 days before the township election (by January 28, 2021) the Township Clerk's certification of the candidates nominated at the Caucus.

Defendant Darrell Maxheimer is the duly elected Road Commissioner of Rochester Township.  He is the purported winner of the Caucus vote for the

Republican nomination of Road Commissioner. Maxheimer's name was certified to the Township Clerk by Munroe, as the person nominated to be the Republican Party Candidate for Road Commissioner at the Consolidated Election to be held on April 6, 2021.

The Plaintiffs allege that members of the Committee failed to promulgate rules of procedure as required for the Caucus. Ballots were printed before any candidate was nominated. Ballots listed the name of each township office up for election on April 6, 2021, and below each office was the name of only the incumbent officeholder. Darrell Maxheimer was listed on the ballot as Road Commissioner.

The Plaintiffs allege the ballot instructed voters to "CIRCLE A NAME OR WRITE IN CANDIDATE" and included a blank line below the incumbent officeholder's name. There were 115 persons who signed affidavits stating they attended the Caucus. Twenty-two of those individuals, or 19.1%, did not attend the Caucus inside. Those individuals drove in motor vehicles to the parking lot and were asked by purported Caucus Judges if they wanted a ballot. All of the individuals who voted outside cast their votes prior to the start of the Caucus at 7:15 p.m. The ballots cast outside were brought inside when the Caucus started and placed in an orange bucket on a table in the front of the room.

The Plaintiffs claim voting before candidates are nominated is contrary to due process and all rules of parliamentary procedure, in addition to being contrary to rules included in the *Township Caucus Guide for 2021* issued by the Illinois State Board of Elections. Moreover, the Caucus failed to approve or amend rules of procedure for conducting a township caucus, in violation of Section 45-50 of the Township Code.

The only candidates nominated for Township Road Commissioner at the Caucus were Plaintiff Darin Whitten and Defendant Darrell Maxheimer. Only Maxheimer's name appeared on the ballot.

The Plaintiffs allege that a count of the 115 votes cast shows that in the race for the nomination for Road Commissioner, Maxheimer had 1,2 or 3 more votes than Whitten, depending on how a ballot is counted on which the voter wrote in Whitten's name and circled Maxheimer's name. It is unclear whether the ballot counted for Whitten, Maxheimer or was not counted.

Defendant Munroe certified Maxheimer as the Republican candidate for Road Commissioner.

(B)

On December 23, 2020 in the Sangamon County Circuit Court, Case Number 2020-CH-201, the Plaintiffs filed a complaint for declaratory judgment and

injunctive relief and an emergency motion for temporary restraining order and preliminary injunction. The Parties are identical to the parties in this case and the prayer for relief is almost exactly the same.

On January 5, 2021, Sangamon County Circuit Judge Gail Noll dismissed the Plaintiffs' claims on the basis that Plaintiffs had not first raised objections before the appropriate election board as is required under the Illinois Election Code. Judge Noll concluded the court lacked jurisdiction because Plaintiffs' claims were not brought pursuant to judicial review of an election board's decision.

On January 7, 2021, the Plaintiffs filed a notice of appeal and that appeal is pending before the Appellate Court of Illinois. The Plaintiffs also moved to expedite the appeal. At oral argument, Plaintiffs' counsel said the motion to expedite was denied.

The Plaintiffs filed their Complaint in this case on January 15, 2021. In Count I, Plaintiffs seek Declaratory and Injunctive Relief under 10 ILCS 5/29-1, asking the Court to declare the December 1, 2020 Rochester Republican Caucus invalid and void because it violated the Illinois Township Code along with the Illinois and U.S. Constitutions, seeking injunctive relief enjoining the certification of Defendant Darrell Maxheimer as the Republican Candidate for Rochester Township Road Commissioner or printing his name on the ballot for the April 6 election, and also

ordering Defendant Rochester Township Republican Central Committee to hold a second Republican Caucus or a revote for the Republican nomination for Road Commissioner.

In Count II, the Plaintiffs seek similar relief under 42 U.S.C. § 1983 for alleged First and Fourteenth Amendment violations.

The Plaintiffs sought the same relief in the Sangamon County case.

On January 19, 2021, the Plaintiffs filed their emergency motion seeking injunctive relief in this Court.

## II.  DISCUSSION

### (A)

In order to obtain a preliminary injunction, a movant must establish (1) a likelihood of success on the merits; (2) no adequate remedy at law exists; and (3) irreparable harm will result if the injunction is not granted. *See Foodcomm Intern. v. Barry*, 328 F.3d 300, 303 (7th Cir. 2003). The Court must also weigh the balance of harm to the parties if the injunction is granted or denied and evaluate the effect of an injunction on the public interest. *See Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013). "This equitable balancing proceeds on a sliding-scale analysis; the greater the likelihood of success on the merits, the less heavily the balance of harms must tip in the moving party's favor." *Id*.

The Defendants claim the Plaintiffs have no likelihood of success because the claims are barred by the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). "The *Rooker-Feldman* doctrine applies when the state court's judgment is the source of the injury of which plaintiffs complain in federal court." *Richardson v. Koch Law Firm, P.C.*, 768 F.3d 732, 733 (7th Cir. 2014) (citing *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 293 (2005)). "A state litigant seeking review of a state court judgment must follow the appellate process through the state court system and then directly to the United States Supreme Court." *Kelley v. Med-1 Solutions, LLC*, 548 F.3d 600, 603 (7th Cir. 2008).

In *Kelley*, the United States Court of Appeals for the Seventh Circuit observed that the Supreme Court had limited the *Rooker-Feldman* doctrine in *Exxon Mobil*. *See id.* The doctrine is narrow and is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Lance v. Dennis*, 546 U.S. 459, 464 (2006) (quoting *Exxon Mobil*, 544 U.S. at 284.

"Claims that directly seek to set aside a state court judgment are *de facto* appeals which trigger the doctrine." *Sykes v. Cook County Circuit Court Probate Division*, 837 F,3d 736, 742 (7th Cir. 2016). Federal claims not raised in state court,

or those that do not appear to require review of a state court's decision may still be barred under *Rooker-Feldman* if there is "no way for the injury complained of by a plaintiff to be separated from a state court judgment." *Id*.

(B)

As the Court noted, Judge Noll determined that the Circuit Court of Sangamon County lacked jurisdiction and dismissed the case under 735 ILCS 5/2-619. Prior to that determination, Judge Noll found that "[t]he Illinois Election Code, 10 ILCS 5/10-8, and 5/10-9, provides Plaintiffs with a process to challenge procedures used during a caucus election." [d/e 7-2]. The Order further states, "Pursuant to the Election Code, Plaintiffs are first required to raise any objections before the appropriate election board. Thereafter, Plaintiffs may seek judicial review of the Board's decision." *Id*.

The Plaintiffs claim they are not challenging that finding or seeking to overturn the Sangamon County Circuit Court Order. Because the Plaintiffs are not asking this Court to determine whether Illinois courts have subject matter jurisdiction, they contend the *Rooker-Feldman* doctrine does not bar the action.

Obviously, the Plaintiffs are challenging Judge Noll's Order. In order for this Court to grant the relief sought by the Plaintiffs, the Court necessarily would have to find that Plaintiffs are not required under the Election Code to raise any objection

to the election board before seeking judicial review. That was Judge Noll's conclusion. The Plaintiffs are asking the Court to hold otherwise and allow the dismissed state court claims to proceed in federal court. Federal courts do not exist to provide disappointed state court litigants with "a second bite at the apple." *Matter of Lisse*, 921 F.3d 629, 641 (7th Cir. 2019).

In this case, both the Circuit Court of Sangamon County and the United States District Court would have had subject matter jurisdiction. The Plaintiffs chose the forum in which to pursue their claims. The Plaintiffs believe the Sangamon County Circuit Court was in error in concluding they had a remedy under the Election Code. Because the Plaintiffs decided to pursue their claims in state court, however, that is an issue for the Appellate Court of Illinois, not a federal district court.

The Plaintiffs cite *Charchenko v. City of Stillwater*, 47 F.3d 981 (8th Cir. 1995) as very similar to this case. The state court had dismissed the plaintiff's suit for lack of jurisdiction because the plaintiff did not follow the proper procedures for a terminated public employee to obtain review of her termination in a Minnesota state court. *See id*. at 983. The Eighth Circuit found that although *Rooker-Feldman* precluded plaintiff's state law claims in federal court because she had not first obtained a writ of certiorari, her § 1983 claims were not barred. *See id*. at 984.

A crucial distinction between this case and *Charchenko* is that Plaintiffs here sought the same relief on both counts in state court and federal court—specifically enjoining certification of the purported Republican candidate for Rochester Township Road Commissioner and ordering a second Republican Caucus for nominating a Road Commissioner. This Court would have to determine that the Sangamon County Circuit Court erred in determining that Plaintiffs had a remedy under the Election Code. "[T]o determine whether *Rooker-Feldman* bars Charchenko's federal suit requires determining exactly what the state court held and whether the relief requested by Charchenko in his federal action requires determining the state court decision is wrong or would void its ruling." *Charchenko*, 47 F.3d at 983. Because this Court would have to determine that the state court's decision was wrong in order to enjoin certification of the purported candidate and order a second Republican Caucus or a revote for Road Commissioner, the Court concludes that all of the Plaintiffs' claims are barred by *Rooker-Feldman*.

If the Plaintiffs' allegations are true, it appears there were major issues with the December 1, 2020 Rochester Township Republican Caucus. Because the *Rooker-Feldman* doctrine precludes the claims in the Plaintiffs' Complaint, however, the Court must conclude that Plaintiffs have no likelihood of success on the merits. When the *Rooker-Feldman* doctrine applies, the suit should be dismissed for lack of jurisdiction. *See Frederickson v. City of Lockport*, 384 F.3d 437, 439

(7th Cir. 2004).  The Court will terminate the Plaintiffs' motion for injunctive relief and dismiss the Complaint for lack of subject matter jurisdiction.

Ergo, this case is DISMISSED for lack of subject matter jurisdiction.

The Clerk will terminate any pending motions [d/e 2].

ENTER: February 1, 2021

    FOR THE COURT:

                                /s/ *Richard Mills*
                                Richard Mills
                                United States District Judge