IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |  |
|---|---|---|
| DARIN WHITTEN, LISA C. KAISER, WILLIAM D. KAISER, DOROTHY TAFT, and JARED KERWIN, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 21-3023 |
| ROCHESTER TOWNSHIP REPUBLICAN CENTRAL COMMITTEE; Rochester Township Republican Central Committeepersons THOMAS K. MUNROE, MARK C. WHITE, ANTHONY SAPUTO, MATTHEW BUTCHER, and DAVID ARMSTRONG, in their official Capacities as Committeepersons for the Rochester Township Republican Central Committee; LYNN CHARD, in her official Capacity as Clerk of Rochester Township; DON GRAY, in his official capacity as Clerk of Sangamon County; and DARRELL MAXHEIMER, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## OPINION

RICHARD MILLS, United States District Judge:

In an Opinion and Order entered on February 1, 2021, the Court dismissed this case for lack of subject matter jurisdiction.

1

Pending is the Plaintiffs' Emergency Motion for Reconsideration of that Order.

I.

The Court's Order dismissed the Plaintiffs' Verified Complaint for Declaratory Judgment and Injunctive Relief against Defendants on the basis that it lacked subject matter jurisdiction. The Plaintiffs' allegations centered on the conduct of a Caucus of the Rochester Township Republican Central Committee to nominate candidates on behalf of the party for the April 6, 2021 consolidated election.

Before filing this case, the same Plaintiffs filed a complaint for declaratory judgment and injunctive relief and an emergency motion for temporary restraining order and preliminary injunction on December 23, 2020 in the Sangamon County Circuit Court, Case Number 2020-CH-201. The Defendants in the Sangamon County case are identical to the Defendants in this case. The Plaintiffs' prayer for relief is almost exactly the same in both cases.

On January 5, 2021, Sangamon County Circuit Judge Gail Noll dismissed the Plaintiffs' claims on the basis that Plaintiffs had not first raised objections before the appropriate election board as is required under the Illinois Election Code. Judge

Noll concluded the court lacked jurisdiction because Plaintiffs' claims were not brought pursuant to judicial review of an election board's decision.

The Plaintiffs filed a notice of appeal and that appeal is pending before the Appellate Court of Illinois.

In Count I of the federal complaint, Plaintiffs seek Declaratory and Injunctive Relief under 10 ILCS 5/29-1, asking the Court to declare the December 1, 2020 Rochester Republican Caucus invalid and void because it violated the Illinois Township Code along with the Illinois and U.S. Constitutions. The Plaintiffs also seek injunctive relief enjoining the certification of Defendant Darrell Maxheimer as the Republican Candidate for Rochester Township Road Commissioner or printing his name on the ballot for the April 6 election, and ask the Court to order Defendant Rochester Township Republican Central Committee to hold a second Republican Caucus or a revote for the Republican nomination for Road Commissioner.

Th Plaintiffs seek the same relief in Count II of the federal complaint. The only difference from Count I is that Plaintiffs in Count II do not invoke the Illinois Township Code.

In the state court complaint, the Plaintiffs also seek a declaration that the December 1, 2020 Rochester Township Republican Party Caucus was invalid and void regarding the nomination for Road Commissioner because it violated the

Illinois Township Code and Illinois Constitution. The Plaintiffs also seek injunctive relief enjoining the certification of Defendant Darrell Maxheimer as the Republican Candidate for Rochester Township Road Commissioner or printing his name on the ballot for the April 6 election, and ask the Court to hold a second Republican Caucus for the purpose of nominating a candidate for Road Commissioner that complies with the Township Code and the Illinois Constitution.

In Count II, the Plaintiffs seek the same relief while claiming that the Caucus violated their First and Fourteenth Amendment rights.

In dismissing the case for lack of subject matter jurisdiction, the Court determined that Plaintiffs' claims were barred by the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). "The *Rooker-Feldman* doctrine applies when the state court's judgment is the source of the injury of which plaintiffs complain in federal court." *Richardson v. Koch Law Firm, P.C.*, 768 F.3d 732, 733 (7th Cir. 2014) (citing *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 293 (2005)). "A state litigant seeking review of a state court judgment must follow the appellate process through the state court system and then directly to the United States Supreme Court." *Kelley v. Med-1 Solutions, LLC*, 548 F.3d 600, 603 (7th Cir. 2008).

II.

In its motion to reconsider under Federal Rule of Civil Procedure 59, the Plaintiffs claim that the Court erred in its construction of *Charchenko v. City of Stillwater*, 47 F.3d 981 (8th Cir. 1995) when this Court stated:

> A crucial distinction between this case and *Charchenko* is that Plaintiffs here sought the same relief on both counts in state court and federal court—specifically enjoining certification of the purported Republican candidate for Rochester Township Road Commissioner and ordering a second Republican Caucus for nominating a Road Commissioner.

d/e 12, at 11. In *Charchenko*, the state court had dismissed the plaintiff's suit for lack of jurisdiction because the plaintiff did not petition for a writ of certiorari as required for a terminated public employee to obtain review of her termination in a Minnesota state court. *See id*. at 983. The Eighth Circuit found that although *Rooker-Feldman* precluded plaintiff's state law claims in federal court because she had not first obtained a writ of certiorari, her § 1983 claims were not barred. *See id*. at 984.

The Plaintiffs contend that, as in *Charchenko*, the Court need not address whether the state court had jurisdiction over the claims in order for Plaintiff Darrin Whitten and the other Plaintiffs to proceed. The Court could determine the merits of the Plaintiffs' § 1983 claims under the assumption that the Illinois state courts lack jurisdiction. The Plaintiffs assert that the deprivation of Illinois state court

subject matter jurisdiction in § 1983 suits does not affect the Court's federal jurisdiction.

"[T]o determine whether *Rooker-Feldman* bars Charchenko's federal suit requires determining exactly what the state court held and whether the relief requested by Charchenko in his federal action requires determining the state court decision is wrong or would void its ruling." *Charchenko*, 47 F.3d at 983.

In finding that the Circuit Court of Sangamon County lacked jurisdiction and dismissing the case under 735 ILCS 5/2-619, Judge Noll noted that "[t]he Illinois Election Code, 10 ILCS 5/10-8, and 5/10-9, provides Plaintiffs with a process to challenge procedures used during a caucus election." [d/e 7-2]. Judge Noll's Order further states, "Pursuant to the Election Code, Plaintiffs are first required to raise any objections before the appropriate election board. Thereafter, Plaintiffs may seek judicial review of the Board's decision." *Id*.

Because the Plaintiffs had not raised their objections to the Caucus procedures before the appropriate election board, Judge Noll determined she could not hold that the Rochester Township Republican Party Caucus was invalid and void regarding the nomination for Road Commissioner and she thus was unable to grant injunctive relief enjoining the Rochester Township Clerk and Sangamon County Clerk from certifying Darrell Maxheimer as the Republican Candidate for Road Commissioner

or printing his name. For the same reason, Judge Noll could not order the Rochester Township Republican Central Committee to hold a second Republican Caucus for the purpose of nominating a candidate for Road Commissioner or a revote where voters could cast a secret paper ballot containing the names of Maxheimer and Whitten.

The Plaintiffs are asking the Court to expressly or implicitly reverse Judge Noll's order and issue injunctive relief enjoining the Sangamon County Clerk from certifying Maxheimer as the Republican candidate and ordering a revote in which voters could decide between Maxheimer and Whitten, even though the Plaintiffs did not raise their objections to the Caucus procedures before the appropriate election board. The nature of the relief sought by the Plaintiffs makes it clear they are asking the Court to overrule or ignore that ruling and hold that Plaintiffs need not first raise objections before the appropriate election board before seeking judicial review.

Because this Court would have to determine that the state court's decision was wrong and/or void its ruling in order to enjoin certification of the purported winner and order a second Republican Caucus or a revote for Road Commissioner, the Court concludes that all of the Plaintiffs' claims are barred by *Rooker-Feldman*.

The Plaintiffs' complaint include numerous citations to the Illinois Compiled Statutes for a very good reason—administrators at the state and local level run

elections. This Court cannot simply ignore those requirements under Illinois law. The Appellate Court of Illinois is the appropriate tribunal to review Judge Noll's Order. Because this Court continues to conclude it lacks jurisdiction over the subject matter, the Court has no basis to depart from its previous ruling.

Ergo, the Plaintiffs' emergency motion for reconsideration [d/e 14] is DENIED.

ENTER: February 12, 2021

    FOR THE COURT:

/s/ *Richard Mills*
Richard Mills
United States District Judge